(*November 20, 1896.*)

## CITY OF MOSCOW v. LATAH COUNTY.

### [46 Pac. 874.]

CITY TAXES—HOW COLLECTED AND TO WHOM PAID.—Under the provisions of an act entitled "An act to provide for the organization, government, and powers of cities and villages," approved March 4, 1893 (Sess. Laws, 1893, p. 97), it is made the duty of the county tax collector to collect all taxes levied by the council or trustees of a city or village. And on demand he must pay over all of the money thus collected to the city or village treasurer.

SAME—TAX COLLECTOR NOT TO RETAIN ANY MONEY COLLECTED AS COMPENSATION.—Under the provisions of said act neither the county nor the tax collector is authorized to retain any part of the money so collected as compensation for collecting the same.

(Syllabus by the court.)

APPEAL from District Court, Latah County.

G. G. Pickett, for Appellant.

The judgment of the lower court should be reversed as it is stipulated in this case that the money in question was collected by the assessor and *ex-officio* tax collector of Latah county for the city of Moscow, appellant herein, upon the tax levy of appellant for general revenue purposes during the fiscal year ending the first Tuesday in May, 1896. The city council of said city was compelled to certify to the county tax collector the percentage or number of mills on the dollar of tax levied for city purposes on all the taxable property within the corporation, and "the tax collector shall place the same upon the proper tax lists, etc." (Sess. Laws 1893, sec. 82, p. 123.) "The tax collector of the county shall pay over, on demand, to the city treasurer of any city all money received by him arising from taxes levied belonging to said city." (Sess. Laws 1893, sec. 84, p. 124.)    Section 7, article 7 of the constitution of Idaho recites: "All taxes levied for state purposes shall be paid into the state treasury," etc.    (*Guheen v. Curtis,* 3 Idaho, 443, 31 Pac. 805; *Cunningham v. Moody,* 3 Idaho, 125, 35 Am. St. Rep. 269, 28 Pac. 395; *People v. Supervisors etc.,* 28 Cal. 433.)

Clay McNamee, District Attorney, McNamee & Morgan, and Attorney General Parsons, for Respondent.

Appellant's contention is that the retention of the said sum of $766.67 is illegal. Respondent contends that it is legally entitled to the retention of said sum of money for its use and benefit, by reason of the services performed by its assessor and *ex-officio* tax collector, in connection with the levy, assessment and collection of city taxes of the city of Moscow, during the year 1895. Sections 1679 and 2157 of the Revised Statutes of Idaho, so far as they concern the compensation of county auditors and treasurers, have been repealed by the Session Laws of Idaho of 1890-91, at page 179, but still remain in full force and effect as to assessors and tax collectors. The county assessor and *ex-officio* tax collector, in the event that he has not reached his constitutional maximum of $3,000 per annum, and the county, in case he has reached it, is entitled to retain out of the moneys of a municipal corporation existing within

the county seven per cent of the taxes assessed and collected for the city during the year 1895. (*State ex rel. City of Seattle v. Carson*, 6 Wash. 250, 33 Pac. 428.)

SULLIVAN, J.—This action was brought to compel Latah county to pay to the city of Moscow the sum of $766.97, money collected by the tax collector of said county. Said tax collector collected, during the fiscal year commencing on the first Tuesday in May, 1895, $11,723.97 as taxes levied upon the taxable property of said city for general revenue purposes. After the collection of said taxes, the board of county commissioners of said county ordered the tax collector to retain seven per cent of the sum collected as payment for the collection of said taxes, which he did; and plaintiff alleges that such detention was without right and unlawful. The judgment of the court below was in favor of the county, and the city of Moscow appeals.

Section 82 of an act concerning the organization of cities and villages (Sess. Laws 1893, p. 123) provides that the council or trustees of a city or village shall certify to the county tax collector the percentage or number of mills on the dollar of tax levied for city or village purposes by them, and that the tax collector shall place the same upon the proper tax lists, and proceed to collect the same; and section 84 of said act provides as follows, to wit: "The tax collector of the county shall pay over, on demand, to the treasurer of any city or village, all money received by him arising from taxes levied belonging to such city or village, together with all money collected as a tax on dogs from the residents of such corporation for the use of the general fund therein." Under the provisions of said section 84 the tax collector is required to pay over, on demand, to the treasurer of Moscow, all money received by him arising from taxes levied by said city. Neither the tax collector nor Latah county has any legal right to retain seven per centum, or any part whatever, of the taxes so collected; but all such money must be paid to the city treasurer on demand. The judgment of the court below is reversed, with instructions to enter judgment in favor of appellant.

Morgan, C. J., and Huston, J., concur.